# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

PATRICK MARTIN,                                                                                    PLAINTIFF
REG. #41528-424

2:18CV00161-KGB-JTK

P. PRUITT, et al.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      Introduction**

Plaintiff Patrick Martin is a federal inmate incarcerated at the Forrest City Medium Federal Correctional Institution (FCI), who filed this federal civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). He alleged sexual misconduct and retaliation by Defendants Pruitt and Medina in September 2017. Defendants Hollister, Smith, Benson, Sissel, Odom, Williams, Chatters, White, Carter and Maruka were dismissed on May 15, 2019 (Doc. No. 21).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts filed by remaining Defendants Pruett (identified by Plaintiff as P. Pruitt) and Medina (Doc. Nos. 22-24). Plaintiff filed Responses (Doc. Nos. 32-34), and Defendants filed a Reply (Doc. Nos. 39, 42).

**II.     Amended Complaint**

2

Defendant Pruett conducted a pat-search of Plaintiff on September 30, 2017, and improperly cupped and fondled Plaintiff's genitals twice and called him a "dirty Motherf____." (Doc. No. 7, p. 6) Plaintiff immediately informed Defendant Medina of the sexual misconduct but Medina refused to accept Plaintiff's Prison Rape Elimination Act (PREA) complaint and threatened to lock up Plaintiff and confiscate his property. Despite this, Plaintiff filed an electronic PREA complaint against Pruett.

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

The Court initially agrees with Defendants that Plaintiff's allegations against them in their official capacities should be dismissed based on sovereign immunity and therefore, lack of subject

matter jurisdiction. See Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) and FDIC v. Meyer, 510 U.S. 471, 475 (1994).

Defendants also ask the Court to dismiss Plaintiff's allegations against them in their individual capacities because he failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to the Declaration of Bridgett Bass, Associate Warden's Secretary at FCI, Forrest City, the three-step federal administrative remedy process is instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the Unit level. (Doc. No. 27) Two appeals from that level are provided, to the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons (BOP), via a BP-11 form (Id.) The BOP does not retain copies of rejected administrative remedy requests or appeals, and according to the BOP records, Plaintiff filed 35 administrative remedy requests during his incarceration and has exhausted five of those requests or appeals. (Id.) However, none of the exhausted requests concern the claims raised against Defendants Pruett or Medina in Plaintiff's Complaint. (Id.) Therefore, Defendants state Plaintiff failed to comply with the PLRA and his allegations against them should be dismissed.

In his Response, Plaintiff alleges that on October 5, 2017, he informed Security Investigation Supervisor Officer Sissel of the Defendants' actions, but was threatened with being placed in segregation housing for six months if he insisted on filing a grievance. He also claims that Counselor Holst advised him not to file a grievance because it was not necessary since he already filed a PREA report.

In their Reply, Defendants present a Declaration of Jerry Cissell, who states that he recalls Plaintiff telling him that he was going to report an inappropriate pat search by Pruett, but then

talked to Cissell about a previous complaint he made about his property being missing the last time he went to the Special Housing Unit (SHU). (Doc. No. 39-1, p. 2) At that time, Cissell told him that once he made the report he would be transferred to SHU pending an investigation and that his property would be secured and inventoried. (Id., p. 3) He denies threatening to place Plaintiff in SHU or confiscate his property. (Id.) Correctional Counselor Tracy Holst also denies ever telling Plaintiff that he did not need to complete the Administrative Remedy requirements. (Doc. No. 39-2, p. 2) And, Dr. Jennifer Godlove, the Chief Psychologist at FCI states that the first notice to any of her staff members of a PREA allegation by Plaintiff was during a hunger strike encounter in the health services on July 9, 2018. (Doc. No. 42) Prior to that time, Psychology Services received no report of a PREA allegation from Plaintiff. (Id.)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels. In this case, as mentioned above, the final level is the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP-11 form. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, in Chelette v. Harris, the Eighth Circuit Court of Appeals held that "the statute's

requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.2d 684, 688 (8th Cir. 2000). In Chelette, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." Id. Therefore, the Court concluded that the statute clearly requires exhaustion. In Johnson v. Jones, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

It is clear from the records and Declarations presented by Defendants, that prior to filing his complaint, Plaintiff did not fully exhaust his administrative remedies with respect to the allegations asserted against them. Plaintiff admits not filing a grievance because of the threats from Officer "Sissel."

The United States Supreme Court held in Ross v. Blake that three types of incidents could render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can

discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. Id. at 1859-1860. However, in this case, there is no evidence or record that Plaintiff filed a PREA complaint after the alleged incident in September 2017 and the only record of a reference to such a complaint occurred in July 2018. In addition, both Sissel and Holst denied threatening Plaintiff or telling him not to file a grievance. Defendants also provide evidence that Plaintiff filed twenty-one administrative remedies from November 14, 2017 through October 10, 2018, thus showing a lack of fear of retaliation. Therefore, the Court finds no evidence to support Plaintiff's claim that he was prevented from filing a grievance.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED, that Defendants' Motion for Summary Judgment (Doc. No. 22) be GRANTED, and Plaintiff's Complaint against them be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 31st day of July, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE