IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

PATRICK MARTIN,                                                               PLAINTIFF
REG. #41528-424

v.                          Case No. 2:18-cv-00161-KGB-JTK

JAMES PRUETT[1], *et al.*
DEFENDANTS

# ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 43). Plaintiff Patrick Martin filed objections to the Proposed Findings and Recommendations (Dkt. No. 45). After careful review of the Proposed Findings and Recommendations and Mr. Martin's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 43). Accordingly, the Court grants defendants' motion for summary judgment and dismisses without prejudice Mr. Martin's claims against defendants for failure to exhaust administrative remedies (Dkt. No. 22). The Court denies as moot defendants' motion to stay discovery (Dkt. No. 46). The Court also denies as moot Mr. Martin's motion for extension of time to respond to defendants' motion to stay discovery and motion for extension of time to allow defendants to answer interrogatory questions (Dkt. Nos. 47, 49).

Judge Kearney recommends dismissal without prejudice of Mr. Martin's claims against Senior Officer Specialist James Pruett and Lieutenant D. Medina ("defendants") in their official capacities based on sovereign immunity and, therefore, a lack of subject matter jurisdiction. (Dkt.

---

[1] Although Mr. Martin sued defendant "P. Pruitt," defense counsel refers to this defendant as "James Pruett." (Dkt. No. 22). The Court directs the Clerk to change the caption of this matter to reflect the correct name for this defendant.

No. 43, at 3-4). Mr. Martin does not contest this recommendation in his objection. This Court agrees with Judge Kearney's recommendation that the claims against defendants in their official capacities should be dismissed based on sovereign immunity.

The Court writes separately to address Mr. Martin's objections. Judge Kearney recommends dismissal without prejudice of Mr. Martin's claims against defendants in their individual capacities because there is no genuine issue of material fact in dispute as to whether Mr. Martin failed to exhaust fully his administrative remedies with respect to the allegations asserted against defendants (Dkt. No. 43, at 6). In his objection, Mr. Martin argues "that the [Bureau of Prisons ('BOP')] knew of [his] allegations is undeniable." (Dkt. No. 45, at 4). He avers that "the administrative remedy procedure is a dead end here, . . . that [he] was thwarted from using it by staff, . . . [and he] went outside the BOP to ensure [his] complaint was filed." (*Id.*, at 5). However, Mr. Martin also admits that "the only reason for [him] not to file a specific incident report is because [he] was told not to when [he] tried." (*Id.*)

The Court agrees with Judge Kearney that summary judgment as a matter of law is appropriate on Mr. Martin's claims, as no reasonable juror could conclude on the record evidence before the Court that Mr. Martin filed and fully exhausted a grievance under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, or that the grievance process was rendered unavailable to him with respect to the allegations in his complaint. The PLRA requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Bock*, 549, at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly

exhaust. *Id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

According to the Declaration of Bridgett Bass, Associate Warden's Secretary at FCI, Forrest City, the three-step federal administrative remedy process is instituted by filing an informal resolution with staff and then a formal resolution to the Warden through a BP-9 form at the Unit Level (Doc. No. 27). Two appeals from that level are provided, to the Regional Director through a BP-10 form and then to the General Counsel for the BOP through a BP-11 form (*Id.*). The undisputed record evidence is that Mr. Martin filed 35 administrative remedy requests during his incarceration and has exhausted five of those requests or appeals (Doc. No. 27). In some of the requests, Mr. Martin references an alleged incident in September 2017 (Dkt. No. 45, at 4). However, none of the exhausted administrative remedy requests complain directly of an alleged incident in September 2017 (*Id.*). Even in his response to defendants' statement of facts, Mr. Martin identifies as disputed facts whether the grievance procedure "was made unavailable through obstruction by prison staff," whether Mr. Martin "was threatened or warned of retaliatory action from prison staff when he attempted to file a grievance," whether Mr. Martin "did file a Prison Rape Elimination Act (PREA) report about the defendant's actions," whether Mr. Martin "notified other Bureau of Prisons (BOP) supervisors and other federal agencies of the alleged sexual assault and the action of local BOP staff to deny him remedy," and whether the BOP informed Mr. Martin "that his claims were being investigated in these matters. . . ." (Dkt. No. 34, at 1). In other words, in response to defendants' motion for summary judgment, Mr. Martin does not identify as a disputed fact whether he fully exhausted the grievance procedure with respect to the allegations in his current complaint.

As the record evidence before the Court does not support a conclusion that Mr. Martin exhausted his administrative remedies regarding the allegations asserted against defendants, the Court turns to the question of whether an administrative remedy was unavailable to Mr. Martin, which is essentially what he claims in his response to defendants' statement of facts. In *Ross v. Blake*, the United State Supreme Court held that there are three types of incidents that could render an administrative remedy unavailable to an inmate: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief;

3

where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. 229 F.2d 684, 1589-1860 (2016). While the Court recognizes that Mr. Martin did reference a complaint of an alleged incident in September 2017 in other documents in record evidence before the Court, the Court agrees with Judge Kearney that, in this case, there is no record evidence that such a complaint was actually made and fully exhausted by Mr. Martin as a part of the grievance process outlined by defendants. Further, given the record evidence before the Court and controlling legal authorities, the Court concludes that, even construing all record evidence in favor of Mr. Martin, there is insufficient record evidence that the grievance process was rendered unavailable to Mr. Martin with respect to this alleged incident.

Accordingly, viewing the record evidence in the light most favorable to Mr. Martin, the Court concludes that no reasonable juror could conclude that Mr. Martin exhausted his administrative remedies regarding the alleged incident or that Mr. Martin was prevented from filing a grievance regarding the alleged incident in September 2017. As a result, the Court concludes that summary judgment as a matter of law in defendants' favor is appropriate.

It is therefore ordered that.

1. The Court adopts the Proposed Findings and Recommendations in their entirety as the Court's findings in all respects (Dkt. No. 43).

2. The Court grants defendants' motion for summary judgment and dismisses without prejudice Mr. Martin's claims against defendants for failure to exhaust administrative remedies (Dkt. No. 22).

3. The Court denies as moot defendants' motion to stay discovery (Dkt. No. 46).

4. The Court denies as moot Mr. Martin's motion for extension of time to respond to defendants' motion to stay discovery and motion for extension of time to allow defendants to answer interrogatory questions (Dkt. Nos. 47, 49).

So ordered this the 24th day of October 2019.

_____
Kristine G. Baker
United States District Judge