IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**PATRICK MARTIN,**                                                                                  **PLAINTIFF**
**REG. #41528-424**

v.                                     Case No. 2:18-cv-00161-KGB-JTK

**JAMES PRUETT,[1]** *et al.*                                                                       **DEFENDANTS**

## ORDER

Before the Court are plaintiff Patrick Martin's motion to reopen case and motion to amend previous motion to reopen (Dkt. Nos. 54, 55).  In his motion to reopen case, Mr. Martin represents that he has "completed a Prison Rape Elimination Act (PREA) Administrative Remedy Process" and is "resubmitting [his] case" (Dkt. No. 54, at 1).  Mr. Martin, in his complaint, "alleged sexual misconduct and retaliation by Defendants Pru[ett] and Medina in September 2017" (Dkt. No. 43, at 2).  Mr. Martin claims that his "PREA Administrative Remedy Process was intentionally hampered and 'lost' by staff three times in an attempt thwart this process," and Mr. Martin submits numerous exhibits (Dkt. No. 54, at 1).  In his motion to amend previous motion to reopen, Mr. Martin requests that the Court amend his original motion to include a signed and dated copy of his prayer for relief (Dkt. No. 55).

This Court entered an Order and Judgment on October 24, 2019, dismissing this case (Dkt. Nos. 51, 52).  The Court adopted United States Magistrate Judge Jerome T. Kearney's Proposed Findings and Recommendations and dismissed without prejudice Mr. Martin's claims against defendants Senior Officer Specialist James Pruett and Lieutenant D. Medina for failure to exhaust administrative remedies (Dkt. Nos. 43, 51).

---

[1] By previous Order, the Court directed the Clerk of Court to change the caption of this matter to reflect the correct name for this defendant (Dkt. No. 51).

Judge Kearney, in his Proposed Findings and Recommendations, observed:

> It is clear from the records and Declarations presented by Defendants, that prior to filing his complaint, Plaintiff did not fully exhaust his administrative remedies with respect to the allegations asserted against them. Plaintiff admits not filing a grievance because of the threats from Officer "Sissel."
>
> . . . However, in this case, there is no evidence or record that Plaintiff filed a PREA complaint after the alleged incident in September 2017 and the only record of a reference to such a complaint occurred in July 2018. In addition, both Sissel and Holst denied threatening Plaintiff or telling him not to file a grievance. Defendants also provide evidence that Plaintiff filed twenty-one administrative remedies from November 14, 2017 through October 10, 2018, thus showing a lack of fear of retaliation.

(Dkt. No. 43, at 6-7). This Court adopted these Proposed Findings and Recommendations when dismissing without prejudice Mr. Martin's claims (Dkt. Nos. 51, 52).

Now, from his recent filings, the Court understands that Mr. Martin filed a PREA complaint about the incident giving rise to this lawsuit after the Court dismissed without prejudice his claims and entered judgment (Dkt. Nos. 54, 55). Because Mr. Martin files a motion to reopen his case and an amended motion to reopen his case after this Court entered final judgment, the Court construes his motions in either of two ways: (1) as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure; or (2) as a motion for relief from a judgment under Rule 60(b). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 164 (8th Cir. 1988) (examining these types of motions).

Pursuant to Federal Rule of Civil Procedure 59(e), such a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. To the extent this Court construes Mr. Martin's pending motions as filed pursuant to Rule 59(e), his motions are time barred. The Court entered judgment October 24, 2019 (Dkt. No. 52).

Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the

2

following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;  (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Rule 60 also specifies that "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  To the extent this Court construes Mr. Martin's pending motions as seeking relief pursuant to Rule 60(b)(1), (2), or (3), his motions are time barred because they were filed more than one year after entry of judgment in this case.  The Court entered judgment October 24, 2019 (Dkt. No. 52), and Mr. Martin filed his motions on April 5, 2021, and May 17, 2021 (Dkt. Nos. 54, 55).  Further, to the extent Mr. Martin seeks relief pursuant to Rule 60(b)(4), (5), or (6), the Court denies his request.  The Court's prior judgment is not void, as required by subsection four.  None of the requirements set forth in subsection five apply, and the Court to declines to find a basis under subsection six.

      As explained in *Chinnici v. Edwards*, Case No. 1:07–cv–229, 2008 WL 3851294 (D. Vt. 2008):

> [T]he PREA confers no private right of action.  The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue.  42 U.S.C. § 15601 *et seq*.  The statute does not grant prisoners any specific rights.

*Id.* at *3.  *See also Rindahl v. Weber*, Case No. CIV. 08–4041–RHB, 2008 WL 5448232 at *1 (D.S.D. 2008) (same); *Bell v. County of Los Angeles*, No. CV 07–8187–GW(E), 2008 WL 435768 at *6 (C.D.Cal.2008) (same); *Pirtle v. Hickman*, No. CV05–146–S–MHW, 2005 WL 3359731 at

3

\*1 (D.Idaho 2005) (same). Simply put, Mr. Martin cannot sue under the PREA. Judge Kearney construed Mr. Martin's claims as federal civil rights claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 338 (1971) (Dkt. No. 43, at 2). Defendants raised the affirmative defense of failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), and the Bureau of Prisons ("BOP") administrative remedy procedure, codified at 28 C.F.R. § 542.10, *et seq*. (*See generally* Dkt. No. 24).

According to the PLRA:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. *See Jones v. Bock*, 549 U.S. 199, 212-13 (2007); *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002) (*Bivens* action involving prison conditions may not be brought before exhausting available administrative remedies). Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels. The Eighth Circuit has explained that the exhaustion process is important because it gives corrections officials the opportunity to address complaints internally before being haled into federal court, filters out some frivolous claims, and facilitates adjudication by clarifying the contours of the controversy. *Johnson v. Jones*, 340 F.3d 624, 626-27 (8th Cir. 2003). Here, Mr. Martin did not exhaust his administrative remedies prior to filing suit initially, and this Court dismissed without prejudice his claims as a result.

Many courts have determined that a PREA complaint cannot be used in place of a prison grievance procedure to satisfy the PLRA's administrative exhaustion requirement. *See Woodard v. McGee*, Case No. 6:18-cv-6013, 2020 WL 1443632 (W.D. Ark. Mar. 25, 2020); *see also*

*v. Howard*, 531 F. App'x 792, 793 (9th Cir. 2013) (concluding that the PREA does not excuse an inmate from the requirement of filing and exhausting an administrative remedy); *Bledsoe v. McDowel*, Case No. 4:16-cv-4057, 2017 WL 1091332, at *3-4 (W.D. Ark. Mar. 21, 2017) (same); *Barringer v. Stanley*, No. 5:16-cv-17, 2017 WL 1028595, at *3 (W.D.N.C. Mar. 16, 2017) (determining that initiation of an action under the PREA simply does not satisfy the requirements for exhaustion of administrative remedies).

Accordingly, for all of these reasons, the Court denies Mr. Martin's motion to reopen case and motion to amend previous motion to reopen (Dkt. Nos. 54, 55).

So ordered this the 29th day of March, 2022.

*(signature)*
Kristine G. Baker
United States District Judge